**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NICOLET SEVERE-PUHL,

      Plaintiff,

    v.                           Case No.:  6:26-cv-00455-ACC-LHP

BARRY UNIVERSITY, INC.,

      Defendant,

---

### ORDER

Before the Court is Defendant's Motion to Stay Discovery Pending Resolution of Its Motion to Dismiss. Doc. No. 27. Plaintiff opposes. Doc. No. 31. Upon consideration, Defendant's motion (Doc. No. 27) will be **DENIED**.

In short, Plaintiff Nicolet Severe-Puhl, a former employee of Defendant Barry University, Inc., brought this case alleging one claim of retaliation in violation of Title VII of the Civil Rights Act and Florida Civil Rights Act based on her termination of employment. Doc. No. 21; *see also* Doc. No. 1. Plaintiff claims that her employment was terminated in retaliation for her complaints of unlawful and discriminatory conduct by another employee of Defendant, specifically as it relates to that employee's remarks about non-English-speaking custodial staff, who were not employees of Defendant. Doc. No. 21. Defendant moves to dismiss the complaint, arguing that Plaintiff fails to allege protected activity, a materially

-1-

adverse employment action, or a causal connection between the two.  Doc. No. 26. Based on its motion dismiss, Defendant also seeks to stay discovery, arguing that the motion to dismiss is case dispositive.  Doc. No. 27.  The motion to stay has been referred to the undersigned.  The motion to dismiss remains pending before the presiding District Judge, and the deadline for Plaintiff to respond has not yet elapsed.  *See* Local Rule 3.01(c), (d).

The Court has broad discretion to stay discovery as part of its inherent authority to control its docket.  *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion.").  However, motions to stay discovery pending a ruling on a dispositive motion are generally disfavored in this District.  *See* Middle District Discovery (2021) § (I)(E)(4).  Indeed, "when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261 (M.D.N.C. 1988)).

The moving party bears the burden of showing good cause to stay discovery. *Id.*; *see also* Middle District Discovery (2021) § (I)(E)(4) ("[U]nusual circumstances may justify a stay of discovery in a particular case upon a specific showing of

-2-

prejudice or undue burden."). In determining whether a stay of discovery is warranted, the Court must balance the harm produced by delay against the possibility that the dispositive motion will be granted and entirely eliminate the need for discovery. *Feldman*, 176 F.R.D. at 652. In making this determination, "it is necessary for the Court to take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id.* at 652–53 (quotations omitted).

Upon consideration, Defendant has not shown good cause for a stay of discovery. Taking a "preliminary peek" at Defendant's motion to dismiss (Doc. No. 26), and without expressing any opinion as to final resolution of the motion, the undersigned is not convinced that Defendant's motion is so clearly meritorious such that a stay of discovery is warranted. Indeed, this is not a situation where the allegations of the amended complaint are "especially dubious." *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). Defendant's motion challenges the legal sufficiency of the factual allegations supporting Plaintiff's claims, and as Defendant itself acknowledges, its motion may not entirely eliminate the need for discovery in this case. *See* Doc. No. 27, at 3 ("[R]esolution of the Motion to Dismiss . . . may eliminate the need for discovery entirely and will, at a minimum, define and narrow the claims and issues (if any) that proceed."). "Absent a clear indication a case will be dismissed in its entirety, a motion to stay should be

-3-

denied." *McCrimmon v. Centurion of Fla., LLC*, No. 3:20-cv-36-J-39JRK, 2020 WL 6287681, at \*2 (M.D. Fla. Oct. 27, 2020); *see also United States v. Physician Surgical Network, Inc.*, No. 6:20-cv-1582-WWB-EJK, 2022 WL 6163122, at \*1–2 (M.D. Fla. Oct. 7, 2022) (denying defendant's motion to stay discovery where defendant's "argument relies primarily upon a facial challenge to the legal sufficiency of Plaintiff's claims"); *Norris v. Honeywell Int'l, Inc.*, No. 8:22-cv-1675-CEH-TGW, 2023 WL 4235459, at \*2 (M.D. Fla. June 28, 2023) (denying motion to stay discovery because "to the extent that some of Defendants' arguments in support of dismissal allege that Plaintiffs' allegations are inadequate to state a claim, the success of those arguments would likely result in a dismissal without prejudice and with leave to amend. The action is not likely to end upon resolution of the motion to dismiss.").[1]

Nor has Defendant carried its burden of demonstrating "unusual circumstances," or specific burden or prejudice by lack of a stay. *See* Middle District Discovery (2021) § (I)(E)(4). Defendant says that Plaintiff has served "sweeping" discovery, pointing to a First Set of Interrogatories and First Request for Production of Documents. Doc. No. 27, at 4–6; Doc. No. 27-1. However, merely pointing to isolated discovery requests, coupled with conclusory assertions that responding to

---

[1] The Court is not persuaded by Defendant's citation to *Pantle v. Crawford*, No. 6:24-cv-1591-CEM-LHP, 2025 WL 4660003, at \*1 (M.D. Fla. Jan. 8, 2025), as that case involved a motion to dismiss raising meritorious arguments regarding judicial and Eleventh Amendment immunity, which would dispose of claims without leave to amend.

-4-

the discovery will be burdensome, is insufficient to warrant a blanket stay of discovery in this case.  *Cf. Hamad v. Frontier Airlines, Inc.*, No. 6:23-cv-1209-WWB-LHP, 2024 WL 22031, at \*2 (M.D. Fla. Jan. 2, 2024) ("Generally referencing that discovery is time-consuming and expensive is insufficient.").  To be sure, "the multitude of tools provided by the discovery rules remain at [Defendant's] disposal," and "particularized discovery issues [may] be addressed and resolved on a case-by-case basis, which is a more prudent approach than an indiscriminate blanket stay of discovery." *See Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at \*4 (S.D. Fla. Nov. 9, 2012).[2]

In sum, the Court finds that the harm produced by the delay in staying discovery outweighs the possibility that the need for discovery will be entirely eliminated.  *See Feldman*, 176 F.R.D. at 652.  Accordingly, the motion to stay discovery (Doc. No. 27) will be **DENIED**.  *See also Clampet v. Delta Air Lines, Inc.*, No. 23-60799-CIV-SINGHAL, 2023 WL 4763127, at \*2 (S.D. Fla. June 26, 2023) (denying motion to stay pending resolution of motion to dismiss because "dismissal [wa]s not a foregone conclusion").

---

[2] For the reasons discussed in *Ray*, the Court also finds Defendant's reliance on *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) on this point unpersuasive. Doc. No. 27, at 6, 10. *See Ray*, 2012 WL 5471793, at \*3.

**DONE** and **ORDERED** in Orlando, Florida on June 11, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Counsel of Record